**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**Civil Case Number: _____**

|  |  |
|---|---|
| Peter Gerold, | : |
|  | : |
| Plaintiff, | : |
| v. | : |
|  | : |
| Santander Consumer USA, Inc., | : |
|  | : |
| Defendant. | : |
|  | : |
|  | : |

**COMPLAINT**

For this Complaint, the Plaintiff, Peter Gerold, by undersigned counsel, states as follows:

**JURISDICTION AND VENUE**

1.      This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA").

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

4.      Plaintiff, Peter Gerold ("Plaintiff"), is an adult individual residing in Cape Coral, Florida, and is a "person" as defined by 47 U.S.C. § 153(39), and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2)

5.      Defendant Santander Consumer USA, Inc. ("Santander"), is a Texas business entity with an address of 8585 North Stemmons Freeway, Suite 1100 N, Dallas, Texas 75247, and is a "person" as defined by 47 U.S.C. § 153(39), and is a "creditor" as defined in 559.55(3).

## FACTS

6.      Plaintiff's daughter took out a consumer auto loan, and Plaintiff co-signed for the loan (the "Debt").

7.      Within the last year, Santander began calling Plaintiff's cellular telephone, number XXX-XXX-0249, using an automatic telephone dialing system ("ATDS") in an attempt to collect the Debt from Plaintiff's daughter and/or Plaintiff (collectively the "Debtors").

8.      When Plaintiff answered calls from Santander, he heard a pre-recorded message and had to wait on the line before he was connected to the next available representative.

9.      On or about October 18, 2018, Plaintiff spoke with a live representative and informed representative that the payments were the responsibility of Plaintiff's daughter and that he would not be making any payments. Plaintiff requested that all calls to him cease.

10.      Nevertheless, Santander continued to place automated calls to Plaintiff's cellular telephone number.

11.      On January 7, 2019, Plaintiff received a call from Santander's representative, Valerie. Plaintiff again requested that all calls to him cease and questioned why he was still receiving calls. Santander's representative responded that their system was an autodialer that randomly made the calls.

12.      Santander thereafter made at least two additional calls to Plaintiff, one of which took place on January 16, 2019.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq.*

13.     Plaintiff incorporates Paragraphs 1 through 12 of this Complaint as though fully stated herein.

14.     At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

15.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that 'predicts' the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

16.     Defendant's telephone system(s) have some earmarks of a predictive dialer.

17.     When Plaintiff answered calls from Defendant, he heard a pre-recorded message before Defendant's telephone system would connect him to the next available representative.

18.     Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19.     Defendant admitted that it was using an autodialer to call Plaintiff.

20.     Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so.  As such, each call placed to Plaintiff was made in

3

knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21.     The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

22.     Plaintiff was annoyed, harassed, and inconvenienced by Defendant's continued calls.

23.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

24.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

25.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER
## COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

26.     Plaintiff incorporates paragraphs 1 through 12 of this Complaint as though fully stated herein.

27.     Plaintiff is a "consumer," as defined in Fla. Stat. § 559.55(2).

28.     Defendant is a "creditor" as defined in Fla. Stat. § 559.55(3).

29.     Defendant willfully communicated with Plaintiff or any member of his family with such frequency as can reasonably be expected to harass Plaintiff or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass Plaintiff or any

member of her or his family, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7).

30.     Plaintiff is entitled to damages as a result of Defendant's violations.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

A.  Statutory damages for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B) and Fla. Stat. §. 559.77;

B.  Actual damages pursuant to Fla. Stat. §  559.77;

C.  Punitive damages pursuant to Fla. Stat § 559.77;

D.  Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

E.  Costs of litigation and reasonable attorney's fees pursuant to Fla. Stat. § 559.77 against the Defendant; and

F.  Such other and further relief as may be just and proper.


**TRIAL BY JURY DEMANDED ON ALL COUNTS**


Dated: May 2, 2019

Respectfully submitted,

By  */s/ Janelle A. Weber*
Janelle A. Weber, Esq.
Florida Bar No. 017630
Law Office of Janelle A. Weber, P.A.
1520 W. Cleveland St., Ste. A
Tampa, FL 33606
Telephone: (813) 982-3663
Facsimile: (813) 982-3810
E-mail: jweber@janelleweberlaw.com